NOT DESIGNATED FOR PUBLICATION

No. 119,398

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GABRIELA G. LOPEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TYLER J. ROUSH, judge. Opinion filed January 4, 2019. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., STANDRIDGE and POWELL, JJ.

PER CURIAM: Gabriela G. Lopez appeals the district court's decision revoking her probation and ordering her to serve her underlying prison sentence. We granted Lopez' motion for summary disposition under Kansas Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). The State has responded, and it requests that the district court's judgment be affirmed.

On July 10, 2017, Lopez pled guilty to one count of aggravated assault with a deadly weapon. On August 15, 2017, the district court sentenced Lopez to 12 months in prison but granted probation for a term of 24 months.

1

On March 14, 2018, Lopez admitted to violating the conditions of her probation by, among other things, committing new crimes of driving while suspended, interference with law enforcement by obstruction, possession of drug paraphernalia, and a cracked windshield as alleged in Wichita Police Department case 18C956. Although Lopez requested a quick dip in jail and another chance at probation, the district court denied the request, revoking Lopez' probation and ordering her to serve her original sentence.

On appeal, Lopez claims the district court abused its discretion by denying her request for a quick dip and continued probation. In support of her claim, Lopez argues intermediate sanctions remained a viable alternative. Notwithstanding her argument, Lopez admits the district court could bypass intermediate sanctions because she committed a new offense while on probation. See K.S.A. 2017 Supp. 22-3716(c)(8)(A) (district court does not have to impose intermediate sanction if offender commits new felony or misdemeanor while offender is on probation).

The procedure for revoking a defendant's probation is governed by K.S.A. 2017 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

In this case, the district court revoked Lopez' probation and imposed her original prison sentence after finding that she had committed new crimes while on probation. As Lopez acknowledges, the district court was not legally required to impose an intermediate sanction because she committed a new offense while on probation. See K.S.A. 2017 Supp. 22-3716(c)(8)(A). Given the facts presented and the applicable law, there simply is

no evidence to show that the district court's decision to revoke Lopez' probation was arbitrary, fanciful, or unreasonable, or based on an error of fact or law; thus, we find the district court did not abuse its discretion by revoking Lopez' probation and ordering her to serve her underlying prison sentence.

Affirmed.